NELLIE LOCKE GREEN, et al. v. CLEVELAND BANK & TRUST CO.

Western Section. January Term, 1928.

Petition for Certiorari denied by Supreme Court, April 14, 1928.

1. Wills. Trusts. Provisions of a trust made by a will will be strictly construed.

Where complainant was entitled to encroach upon the principal of a trust "in case of sickness or real bad luck" held that before she was entitled to encroach upon the fund she must show that she had come within the provisions of the trust.

2. Trusts. Evidence. Evidence held insufficient to show complainant was in position to enforce special provisions of trust.

Where the will creating the trust provided: "I also direct that if by reason of sickness or real bad luck, the income from the property herein given is not sufficient for a proper support for my daughter and her family, that she be entitled to not to exceed four hundred dollars per annum of the principal for such support," and the evidence showed that complainant had been sick and expended large sums of money but that she had other money together with the earnings of her husband which had about paid the expenses, held that she was not entitled to encroach upon the principal of the trust fund.

3. Trusts. Provisions of a trust giving the beneficiary the right to a part of the principal yearly in case of sickness or bad luck, held not retroactive.

Where complainant had been sick for a number of years prior to making application for a part of the principal of a trust fund as provided in the will, held that the provision was not retroactive and she could not recover for prior years.

Appeal from Chancery Court, Bradley County; Hon. T. L. Stewart, Chancellor.

Affirmed.

L. C. Ely, of Knoxville, for appellant.

Mayfield & Mayfield, of Cleveland, for appellee.

HEISKELL, J. This is a suit brought by Nellie Locke Green and her husband against the Cleveland Bank & Trust Company as trustee or executor of the last will and testament of the mother of the complainant, Mrs. Green, seeking to encroach upon the corpus of the trust fund. The Chancellor allowed the relief in part, but denied it in part, and because of his failure to grant all the relief sought by the complainant she has appealed; the Cleveland Bank & Trust Company has also appealed from the action of the Chancellor in granting any relief at all to the complainant.

The bill alleges that the complainant, Nellie Locke Green, is the only child and heir-at-law of B. F. and Betty Locke, both of whom died in Bradley county, the latter having died in March, 1921, leaving a paper writing purporting to be her last will and testament. Among other things, said will leaves a piece of real estate in the town of Cleveland in trust to the Cleveland Bank & Trust Company for the benefit of the complainant and also approximately thirty-five hundred dollars ($3500) in cash, the income from which the complainant is to have during her natural life, but the will provides also as follows:

> "I also direct that if by reason of sickness or real bad luck, the income from the property herein given is not sufficient for a proper support for my daughter and her family, that she be entitled to not to exceed four hundred dollars per annum of the principal, for such support."

It is for the construction of this portion of the will, providing for an encroachment of four hundred dollars ($400) per annum upon the corpus of the estate, that this bill is brought.

The complainant alleges in her bill that shortly after her mother's death she, the complainant, took sick, due to the nervous strain of the long illness of her mother and that she developed tuberculosis of the lungs and, fearing for her life and acting upon the recommendation of physicians, she and her husband went west in order to regain her health. They traveled from one state to another, spending their money for hospital, doctor and nurse bills and medicine until they succeeded in arresting the tubercular condition of the lungs and thereupon they returned to Knoxville, Tennessee, where they find themselves in straitened circumstances, the details of which include the fact that they have bought a home at approximately six thousand dollars ($6000) upon which they have paid two thousand dollars ($2000), and they allege that unless they have some relief or assistance they will lose their home, as they have exhausted their funds in an effort to regain the wife's health.

They thereupon come into court by the original bill in this cause, set up these facts and show the court that since the mother's death in 1921, this condition of "sickness or real bad luck" has existed and that the complainant is entitled to encroach upon the corpus of the fund from the mother's death, now six years, to the present date, at the rate of $400 per annum.

The Chancellor held that the provision of the will called in question is not retroactive and therefore declined to allow any encroachment, except to the extent of $400 for the current year.

The proof shows that the complainant was in worse health when her mother died March 6, 1921, than she is now. Then she received $7300 from her father's estate and has had the income from her mother's estate, at least several hundred dollars a year. The hus-

band says that during the time they were out west he was working and they about managed to break even. All this does not indicate the state of real bad luck contemplated by this will.

The Chancellor was right. With the father's estate, the income from the mother's property and what the husband earned, they made ends meet and got through to the present time. The purpose of the will was not to meet a past contingency, even if encroachment would have been justified then, which is very doubtful.

There is more to be said in favor of the appeal of the bank. It was not the purpose of the will to allow encroachment for the purpose of buying a home, because under item four of the will the testator directs that the Cleveland house be not sold for ten years, in order that the daughter may have time to reach years of discretion in regard to purchasing a new home. The will speaks of investing $6000 and the Cleveland home is valued at $5000 or $6000, and the husband has a job with a drawing account of $35 per week. They have a Buick car valued by complainant at $400 to $500. However, the condition of complainant demands rest and good nutrition. She cannot work. It is the sort of case in which much should be left to the discretion of the Chancellor. We will not disturb his action. All assignments of error are overruled and the decree of the lower court is affirmed. The costs of appeal will be paid by the trustee.

Owen and Senter, JJ., concur.